# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:05CV251-1-MU

|  |  |  |
|---|---|---|
| | ) | |
| KENNETH PATTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| THOMAS LANCASTER, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed July 5, 2005.

In his Complaint Plaintiff alleges that Defendant Woody, a nurse, erroneously ordered the confiscation of his Milk of Magnesia and other creams and ointments which resulted in his becoming severely constipated and eventually requiring surgery and in his losing a testicle. Furthermore Plaintiff alleges that when he woke up from surgery and was allegedly confrontational he was maced by Defendants Bennett, Downing, and Mays, all correctional officers.

Nowhere in the text of his Complaint does Plaintiff mention, much less state a claim against, David Mitchell, the superintendent of Mountain View Correctional, or Thomas Lancaster, the assistant superintendent of Mountain View Correctional. However, while he does not reference them in his Complaint, Plaintiff does attach numerous letters to his Complaint, some of which are addressed to either Defendant Lancaster or Defendant Mitchell. All but one or two of these letters post-date the occurrence of the actions that form the basis of this Complaint and therefore are irrelevant. The fact that Petitioner wrote

one or two letters to Defendant Lancaster about the confiscation of his medicines is not

sufficient by itself to render Defendant Lancaster potentially liable.[1]  Consequently, the

Court finds that Plaintiff fails to state a claim against either Thomas Lancaster or David

Mitchell and they are dismissed from this case.

Plaintiff, for initial review purposes, has stated a claim against the remaining

Defendants and they should file an answer detailing Plaintiff's allegations and responding

to each.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Mitchell and Lancaster are **DISMISSED** from this case; and

2. The Clerk shall issue summons and deliver it forthwith to the U.S. Marshal who

will make service of process without additional cost on Defendants Mays, Downing,

Bennett, and Woody.

---

[1] Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior.  See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs.  See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).  Plaintiff does not allege any personal conduct by Defendant Lancaster.  Nor does Plaintiff allege that the other defendants were acting pursuant to a policy of custom of Defendant Lancaster.  The mere fact that Plaintiff sent a letter or letters to the assistant superintendent is not sufficient to trigger § 1983 liability.

**Signed: July 27, 2005**

Graham C. Mullen
Chief United States District Judge